UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TYRRALL FARROW CANNON,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 5:23-cv-01669-RGK (JDE)<br><br>ORDER TO SHOW CAUSE RE DISMISSAL FOR FAILURE TO EFFECT PROPER TIMELY SERVICE UPON DEFENDANTS |

## I.

## BACKGROUND

On August 15, 2023, Plaintiff Tyrall Farrow Cannon ("Plaintiff") filed a Civil Rights Complaint against several defendants. Dkt. 1 ("Complaint"). On September 8, 2023, after Plaintiff paid the required filing fee, the Court issued an Initial Case Management Order that, among other things, provided:

> Plaintiff shall promptly proceed with proper and lawful service of the summons and operative complaint on each defendant. Service of the summons and operative complaint must comply with the provisions of Rule 4, Federal Rules of Civil Procedure. Plaintiff

    shall file Proof(s) of Service showing compliance with this order within 90 days of filing the complaint, i.e., no later than November 13, 2023. Non-compliance with this paragraph may result in a dismissal of any defendant not timely served, and/or the issuance of an order to show cause re: dismissal for failure to prosecute.

Dkt. 9 ("CMO") at 1. On October 13, 2023, the Court issued an Order that stated, in part:

    . . . Rule 4 (b) and (c) of the Federal Rules of Civil Procedure directs that the plaintiff, not the Court, presents a proposed summons to the Court for signature by the Clerk, and directs that the plaintiff, not the Court, is responsible to serve the summons(es) and complaint. Plaintiff remains responsible to present all appropriate summonses and serve process, and do so within the time limits provided in Rule 4, that is, by November 13, 2023. See Dkt. 9. . . .

    Plaintiff is reminded that failure to timely serve process could result in dismissal of any defendant not timely served. See Dkt. 9 at 1. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id. The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited

2

circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir. 1987) (ignorance of Rule 4 is not good cause for untimely service)). Further, unless service is waived, proofs of service must be provided to the Court. Fed. R. Civ. P. 4(l). Plaintiff is given notice of the possible dismissal of this action if service is not effected with the time required by Rule 4, and is hereby ordered to either file complaint proofs of service reflecting service of process on all defendants by November 13, 2023, or, if he seeks to make a showing of good cause to seek additional time for service, file such a request, in writing, supported by evidence and argument, by November 13, 2023. Plaintiff is further advised that, absent a finding of good cause based on a timely application by Plaintiff, any defendant as to whom a proof of proper service has not been filed by November 13, 2023 may be dismissed from this action, and if no such proper proof of service is filed by that time, the entire case may be dismissed.

Dkt. 19 ("Second Service Order").

On October 18, 2023, the Court issued a further order that reminded Plaintiff of and quoted the above portions from the CMO and the Second Service Order. Dkt. 23.

On November 9, 2023, Plaintiff filed documents with a cover page indicating that eight proofs of service were enclosed reflecting service of the Complaint "by U.S. Postal Service" on eight defendants. Dkt. 25 ("Proofs of Service"). The documents therein that are titled "Proof of Service" reflect that "service" was made via the U.S. Postal Service by "Certified Mail, Receipt Return" to eight defendants or purported representatives of defendants. Dkt.

25 at 4-12 (CM/ECF pagination). Such "service" does not facially appear to comply with any provision for service of process under Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"), nor do the Proofs of Service facially purport to apply California state law, to the extent such law applies. Further, Plaintiff has only requested and obtained a summons for a single defendant. See Dkt. 1-2; 8. To be effective, service of process under Rule 4 must include a valid summons, rendering any service seemingly ineffective as to all but one defendant even if service had otherwise complied with Rule 4. See Rule 4(c)(1). Other than the Proofs of Service (Dkt. 25), no other purported proof of service was filed by November 13, 2023, the 90th day after the filing of the Complaint.

## II.

## DISCUSSION

Rule 4(c)(1) provides that, in a federal civil case, the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(b) provides that when plaintiff in a civil case presents a "properly completed" summons, the clerk will issue the summons for service upon the defendant. Further, unless service is waived, proofs of service must be provided to the Court in an appropriate form. Rule 4(l).

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the

governing rules." Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir. 1987) (ignorance of Rule 4 is not good cause for untimely service)).

    Here, Plaintiff filed the Complaint on August 15, 2023. Dkt. 1. Plaintiff sought and received a single summons for a single defendant. Dkt. 1-2, 8. Plaintiff was repeatedly advised of the requirements of Rule 4 and ordered to properly serve all defendants with process and file proofs of such service by November 13, 2023. As noted, the Proofs of Service (Dkt. 25) reflect that "service" was made via the U.S. Postal Service, certified mail, return receipt, on the eight defendants. However, Rule 4 facially does not authorize such service. To the extent Plaintiff believes such service is appropriate under California state law made applicable under, for example, Rule 4(e)(1), the Proofs of Service (Dkt. 25) themselves do not purport to rely on California law. Further, Plaintiff sought and obtained only one summons, as to a single defendant (Judge Harris); as such, no service of any other defendant has been or could have been effected under Rule 4(c)(1). For the foregoing reasons, facially, it appears that no defendant has been properly served with process under Rule 4. As of the date of this Order, more than 90 days have passed since the filing of the Complaint and it appears that no proof of service reflecting proper service of process upon any defendant has been filed, nor has a sufficient showing of good cause for the failure been made.

## III.
## CONCLUSION AND ORDER

    For the foregoing reasons, Plaintiff is ORDERED to show cause, in writing, <u>within 14 days from the date of this Order</u>, why this action should not be dismissed for failure to properly serve any defendant within 90 days of the filing of the Complaint under Rule 4(m). If Plaintiff contends that the Proofs of Service evidence valid service on any defendant under Rule 4 or any applicable

California state law made applicable by Rule 4, Plaintiff is ordered to offer all evidence and argument in support of such position. If Plaintiff contends that good cause exists for the failure to service process in a timely fashion, he is ordered to submit all evidence and argument in support of such claim with his response.

IT IS SO ORDERED.

Dated: November 15, 2023

_____
JOHN D. EARLY
United States Magistrate Judge